UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JONATHAN DAVENPORT,
ADC #132353                                                                              PLAINTIFF

V.                                   5:17CV00229 JM/JTR

CRABLIM, Nurse, Tucker Unit, ADC, et al.                                  DEFENDANTS


**<u>RECOMMENDED PARTIAL DISPOSITION</u>**

  The following Recommended Partial Disposition ("Recommendation") has been sent to United States District Judge James M. Moody Jr. Any party may file written objections to this Recommendation. Objections must be specific and include the factual or legal basis for disagreeing with the Recommendation. An objection to a factual finding must specifically identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

  An original and one copy of the objections must be received by the Clerk of this Court within fourteen (14) days of this Recommendation. If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

## I. Introduction

Plaintiff Jonathan Davenport ("Davenport") is a prisoner in the Tucker Unit of the Arkansas Department of Correction. He has filed a *pro se* § 1983 Complaint and an Amended Complaint alleging that Defendants violated his constitutional rights. *Docs. 2 & 5.* Before Davenport may proceed with this action, the Court must screen his claims.[1]

## II. Discussion

Davenport alleges that Defendants Nurse Cunningham ("Cunningham") and Nurse Crablim ("Crablim") failed to provide him with constitutionally adequate medical care for chest pains and difficulty breathing, which ultimately resulted in the collapse of his lung. The Court concludes, *for screening purposes only*, that Davenport has pled a viable § 1983 inadequate medical care claim against Cunningham and Crablim, in their individual capacities. Thus, the Court recommends that service should be ordered on them.

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

Davenport has also named Crablim and Cunningham in their official capacities. The doctrine of sovereign immunity precludes Davenport from obtaining monetary damages from Crablim and Cunningham, in their official capacities. *See Zajrael v. Harmon*, 677 F.3d. 353, 355 (8th Cir. 2012); *Larson v. Kempker*, 414 F.3d 936, 939-40 (8th Cir. 2005). Because monetary damages are the *only* form of relief sought by Davenport, his official capacity claims against Crablim and Cunningham should be dismissed, without prejudice.

Davenport has named John Does ("Does") and Director of Nursing Huff ("Huff") as Defendants. Because there is no vicarious liability in § 1983 actions, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Although he was instructed to do so *(Doc. 4),* Davenport has *not* pled any facts explaining how Huff or Does, through their own individual actions, violated the Constitution. Accordingly, the Court recommends that Huff and Does be dismissed, without prejudice, as Defendants in this action because Davenport has failed to plead a viable claim against them.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.    Davenport be allowed to PROCEED with his inadequate medical care

claim against Crablim and Cunningham, in their individual capacities only.

2. All other claims and Defendants be DISMISSED, WITHOUT PREJUDICE.

3. Service be ordered on Crablim and Cummingham.

4. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommended Partial Disposition would not be taken in good faith.

Dated this 27th day of November, 2017.

_____
UNITED STATES MAGISTRATE JUDGE